## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NORTHSTAR SOURCE GROUP LLC, a Delaware limited liability company; SOURCE DIGITAL, INC., a New York corporation, individually and doing business as "The Source"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  1:21-cv-7834-KPF<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*);<br>2. Vicarious and/or Contributory Copyright Infringement; and<br>3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Dana Ruth Lixenberg ("Lixenberg" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff Lixenberg is an individual currently residing in the Netherlands.

6. Upon information and belief, Lixenberg alleges that Defendant Northstar Source Group LLC ("Northstar"), is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 240 W. 35th Street, Suite 405, New York, New York 10001, and is doing business within this District.

7. Upon information and belief, Lixenberg alleges that Defendant Source Digital, Inc. ("Source"), is a corporation organized and existing under the laws of the state New York, having its principal place of business at 240 W. 35th Street, Suite 405, New York, New York 10001, and is doing business within this District.

8. Defendants Does 1 through 10, inclusive (collectively with Northstar and Source, "Defendants"), are other parties not yet identified who have infringed Lixenberg's copyrights, have contributed to the infringement of Lixenberg's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHIC WORK**

10. Lixenberg is a renowned and critically acclaimed photographer whose work has been exhibited internationally and has included photography of such cultural icons as Tupac Shakur, Iggy Pop, and Steely Dan, among others. Much of Lixenberg's work has been dedicated to the portrayal of underserved and marginalized communities.

11. Lixenberg created and owns the original photograph depicting famed musician Notorious B.I.G., depicted in **Exhibit A** attached hereto (the "Subject Photograph").

12. Lixenberg complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which Lixenberg has registered with the United States Copyright Office effective September 15, 2015 at Registration Number VA 1-976-752.

13. Prior to the acts complained of herein, Lixenberg widely publicly displayed and disseminated the Subject Photograph.

14. Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for financial benefit by, without limitation, reproducing the Subject Photograph in online posts and articles, including at the website https://thesource.com, which is owned and operated by and through Source and Northstar, in articles entitled "Brooklyn Nets to Honor the Notorious B.I.G. with 'City Edition' Uniforms" and "The Notorious BIG and the Wu-Tang Clan Honored with Streets Named After Them" (the "Infringing Use"). True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto.

15. Upon information and belief, Lixenberg alleges that Defendants, and each of them, had access to the Subject Photograph, including through Lixenberg's numerous online profiles and features, online publications and press featuring Lixenberg's work, Lixenberg's social media accounts, and/or through viewing the Subject Photograph on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

16. Lixenberg has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Lixenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18. Upon information and belief, Lixenberg alleges that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph as it was publicly displayed. Access is additionally evidenced by Subject Photograph's exact reproduction in the Infringing Use.

19. Upon information and belief, Lixenberg alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

20. Upon information and belief, Lixenberg alleges that Defendants, and each of them, infringed Lixenberg's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

21. Due to Defendants', and each of their, acts of infringement, Lixenberg has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Lixenberg's rights in the Subject Photograph. As such, Lixenberg is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Lixenberg's rights in the Subject Photograph in an amount to be established at trial.

23. Upon information and belief, Lixenberg that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which

were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24.     Lixenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

25.     Upon information and belief, Lixenberg alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Use to third-parties for further publication.

26.     Lixenberg alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Commercial, and were able to supervise the distribution, broadcast, and publication of said content.

27.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Lixenberg has suffered general and special damages in an amount to be established at trial.

28.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Lixenberg's rights in the Subject Photograph. As such, Lixenberg is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

29.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each))

30.     Lixenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

31.     Plaintiff's photography was routinely published with attribution, credit, and other copyright management information. Her name, the title of the publication, and other indicia of authorship would be visible on her work.

32.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, removed Lixenberg's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, attributing it to another artist and/or source, before distributing and publishing same.

33.     Upon information and belief, Lixenberg alleges that Defendants, and each of them, distributed and published the Subject Photograph on website(s),

including but not limited those sites reflected in **Exhibit B** hereto bearing its own name, and removing Lixenberg's attribution information, including, without limitation, her name.

34. The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

35. When Defendants published the Subject Photographs, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

36. When Defendants published the Subject Photograph, they removed Plaintiff's copyright management information from the Subject Photograph knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

37. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Lixenberg's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

2. That Lixenberg be awarded all profits of Defendants, and each of them, plus all losses of Lixenberg, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Lixenberg's intellectual property rights;

4. That Lixenberg be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

5. That Lixenberg be awarded her costs and fees;

6. That Lixenberg be awarded statutory and enhanced damages;

7. That Lixenberg be awarded pre-judgment interest as allowed by law; and,

8. That Lixenberg be awarded further legal and equitable relief as deemed proper.

## JURY DEMAND

Lixenberg demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 16, 2021   By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
**DONIGER / BURROUGHS**
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
*Attorneys for Plaintiff*

# **EXHIBIT A**



# EXHIBIT B

https://thesource.com/2018/10/25/brooklyn-nets-notorious-big/



**FIRST AMENDED COMPLAINT**



**FIRST AMENDED COMPLAINT**